# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2021

Lyle W. Cayce
Clerk

No. 20-20277
Summary Calendar

Lee Perry,

*Plaintiff—Appellant*,

*versus*

Wayne Christian, *in his Official Capacity as Chairman of the Railroad Commission of Texas*; Andrew Wheeler, *in his Official Capacity as Administrator of the Environmental Protection Agency*; Sonny Purdue, *in his Official Capacity as Secretary of the United States Department of Agriculture*; American Petroleum Institute; David A Scott, *in his Official Capacity as Chairman of the State Oil*; Gas Board of Mississippi; Marathon Oil Company, Lee Tillman, CEO; Hilcorp Energy Company; ConocoPhillips Corporation, Ryan M. Lance, CEO; Rhonda Hamilton, *in her Official Capacity as President of Bill Hill Oil Gas Company*; Michael Sommers, CEO; Ryan Lance, Ryan M. Lance; Greg Lalicker, CEO, Hilcorp Energy Company,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4757

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Lee Perry filed suit against numerous governmental and non-governmental entities. He alleged violations of the United States Constitution and various federal statutes, including the Civil Rights Acts of 1866 and 1871, the Safe Water Drinking Act, and the Racketeer Influenced and Corrupt Organizations Act based on the defendants' alleged involvement in a conspiracy to deprive African American descendants of slaves of their interests in fifteen million acres of land and mineral rights across the United States. In orders dated February 11, April 27, and April 28, 2020, the district court dismissed with prejudice all of Perry's claims against all defendants. In addition to the district court's orders, we have considered the pleadings, exhibits, and briefs in this case. For the reasons articulated below, we AFFIRM.

Perry raises two points of error on appeal: (1) that the district court violated his right to due process by dismissing his complaint for failure to state a claim, and (2) the district court violated his right to due process by dismissing his complaint for lack of subject matter jurisdiction.

Perry's first argument on appeal is without merit. He asserts that the district court violated his due process right by dismissing his claims against certain defendants with prejudice before he had the opportunity to amend his pleading. The timeline of motions filed at the district court shows otherwise. The district court allowed Perry to file an amended complaint and considered it before granting the relevant motion to dismiss.

Perry's second argument on appeal is also without factual basis. He asserts that the district court violated his due process rights by dismissing certain defendants' motions to dismiss for lack of jurisdiction without

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20277

affording him a reasonable opportunity to respond.  Again, the record demonstrates otherwise.  The district court ruled after Perry's time to file a response had expired.

In sum, Perry has failed to allege specific facts sufficient to show that he suffered any cognizable injury.  *See Perry v. R.R. Comm'n of Texas*, 668 F. App'x 123 (5th Cir. 2016).  We AFFIRM the dismissal of this case.